## Thomas v. Rupp

C.P. of Chester County, no. 95-02297.

*Michael G. Moyer,* for plaintiffs.
*Jane H. Fisher,* for defendant.

MELODY, *J.,* February 7, 1996—

### ORDER

And now, February 7, 1996, upon consideration of the motion in limine, filed by the plaintiffs, and responses thereto, it is hereby ordered and decreed that the motion is granted.[1]

---

1. Although plaintiffs selected the "limited tort" option when they purchased their original automobile insurance policy, they assert that this selection is invalid because the form which they signed to indicate their selection, PA-1000, fails to comply with the Pennsylvania Motor Vehicle Financial Responsibility Law. Specifically plaintiffs argue that under the PMVFRL, their insurer was required to inform them of the difference in the premium rate under limited tort versus full tort. See 75 Pa.C.S. §1705(a). By failing to provide this premium

It is further ordered that the defendant is precluded from asserting as a defense that plaintiffs are subject to the "limited tort" option under the Pennsylvania Motor Vehicle Financial Responsibility Law.

---

information, plaintiffs argue that their waiver does not comply with the legislative intent of the PMVFRL.

We agree. The clear intent of the legislature in amending the PMVFRL was to see that comparative price information was given to the consumer at the time new policies were issued. See *West v. Gustafson (No. 2)*, 29 D.&C. 4th 440 (1995). The notice provisions of section 1705(a) are required for all applicants for new auto insurance policies, and for first renewals. See *Pestcoe v. Nisenzone*, 27 D.&C.4th 26 (1995).

We recognize that we are not bound by the decisions of the common pleas courts in other counties of this Commonwealth. Nevertheless, we find the opinions of President Judge Millin and Judge Maier to be persuasive. Accordingly, we conclude that since the plaintiffs were not informed of the premium rates for limited tort or for full tort coverage, so that they would know the difference in the rates and thereby be able to make an intelligent and knowledgeable selection, we find their selection of limited tort to be invalid, and thus they are presumed to have chosen the full tort option. *West, supra.*